## Case No. 4,839.

### FITZGERALD v. The H. A. RICHMOND.

[10 Chi. Leg. News, 216.]

District Court, E. D. Michigan. March 11, 1878.

.·Atkinson & Atkinson, for libellant.
·,Burt & Burritt, for claimant.

BROWN, District Judge. Defendants' claim that the bill was settled and paid by the acceptance of Scott & Brown, the owners, cannot be maintained. It is too well settled to need even the citation of authorities, that the lien of a material man is not waived by taking the negotiable paper of the owner or master of the vessel. Captain Scott's testimony that these drafts were given in payment for the mast; that he supposed it was paid, and therefore did not constitute a lien upon the boat, is nothing more than his own opinion upon the subject. There was no conversation proven to have taken place at the time the draft was given, indicating any intention on the one to give it, or of the other to receive it, in payment of the bill.

The second defense, that the claim has become stale as against the mortgagee, is better supported by the testimony. How far a mortgagee is to be regarded as a bona fide purchaser without notice, depends much upon the character of the transaction. A bona fide purchaser is one who at the time of his purchase advances a new consideration, surrenders some security or does some other act, which if his purchase were set aside, would leave him in a worse condition than his original position: Johnson v. Graves, ·27 Ark. 558. Had Dewey taken this mortgage simply as security for the debt already existing, and made no further advances upon the strength of it, it would be a serious question whether he could be protected as against this lien. Though the question does not seem to have been passed upon directly in any admiralty suit, it has been discussed with great learning and elaboration in several cases where a vendor has sought to enforce his lien upon land, which has been conveyed to trustees for the benefit of creditors or to assignees in bankruptcy, or mortgaged for a prior indebtedness. The decided weight of authority seems to be that in such cases the mortgagee cannot assert his claim as against the vendor's lien: Brown v. Vanlier, 7 Humph. 249; Eubank v. Poston, 5 T. B. Mon. 286; Shanks v. McWhorter, 26 Ga. 315; Shurley v. Sugar Refinery, 2 Edw. ch. 505; Repp v. Repp, 12 Gill & J. 341; Harris v. Horner, 1 Dev. & B. 455; 1 Hill. Mortg. 52; 2 Story, Eq. Pl. 1225–1230.

Were it not for the case of Bayley v. Greenleaf, 7 Wheat. [20 U. S.] 46, I should feel no hesitation in holding that the claimant, by the mere taking of this mortgage, did not stand in a position to test this claim as a bona fide purchaser. That case, however, held directly that the vendor cannot enforce his lien for unpaid purchase money as against trustees for the creditors of the vendee to whom the land has been conveyed, without notice of the lien. The opinion of Chief Justice Marshall in this case has been criticised with great ability by the courts in several of the cases above cited, and were the question to come before the supreme court again, it is at least doubtful whether it would adhere to this opinion; or at least whether it would be adopted so far as to sustain the claim of a mortgagee against the lien of a material man. I see nothing to distinguish his possession from that of an assignee in bankruptcy, against whom it is well settled the lien of the material man will prevail. It is well settled, however, that a mortgagee for a present valuable consideration, is a bona fide purchaser, to the extent of his mortgage interest: The Nevada [Case No. 5.839]; The Key City, 14 Wall. [81 U. S.] 653; The Columbia [Case No. 3,036]; The Dubuque [1d. 4,110]. But even though no money be advanced at the time the mortgage is made, if upon the faith of the security, the mortgagee afterwards advances money, or becomes liable as indorser, to that extent, he becomes a bona fide purchaser. Ladue v. Detroit & M. R. Co., 13 Mich. 380. That is the position of the claimant in this case. Upon the day the mortgage was executed, he indorsed for Scott & Brown a note to the amount of $1,200; soon thereafter he indorsed two other notes in the aggregate sum of $2,220, all of which he was obliged to take up at maturity. Under these circumstances, I deem it quite clear that he should be considered as a bona fide purchaser. The libel not having been filed until two years after his claim accrued and one year after the mortgage was given, and the advances made, I think libellant's claim must be adjudged to be stale.

The view which I have taken of the case renders it unnecessary to consider whether Dewey gained any additional rights by the purchase made April 28th, 1877, upon the foreclosure of his mortgage. The libel will be dismissed.